[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11719

_____

Agency No. 04-1406OSHRC

EMCON/OWT, INC.,

Petitioner,

versus

SECRETARY OF LABOR, THE
OCCUPATIONAL SAFETY AND
HEALTH REVIEW COMMISSION,

Respondents.

_____

Petition for Review of an Order of the
Occupational Safety and Health Review Commission

_____

**(March 13, 2007)**

Before DUBINA and WILSON, Circuit Judges, and CORRIGAN,* District Judge.

PER CURIAM:

On February 15, 2004, one worker died and three others were injured at the Okeechobee Landfill in Okeechobee, Florida. These workers were employees of the Petitioner, EMCON/OWT, Inc., which was cited for a "serious" OSHA violation as a result of this accident. An Administrative Law Judge conducted a full hearing on the citation and affirmed one of the citation items (Item 3), 29 C.F.R. § 1926.651(k)(1), and assessed a penalty of $6,300.00. The ALJ's decision became the final decision of the Occupational Safety and Health Review Commission (OSHRC). Petitioner seeks review of that decision in this Court. 29 U.S.C. §§ 659(c), 660(a) and 661(j).

"To prove a violation of an OSHA standard, the Secretary [of Labor] must show by a preponderance of the evidence that (1) the cited standard applies, (2) there was noncompliance with its terms, (3) employees had access to the violative conditions, and (4) the cited employer had actual or constructive knowledge of those conditions." Southwestern Bell Tele. Co., 19 BNA OSHC 1097, 1098 (OSHRC No. 98-1748, 2000).

The Commission's decisions are entitled to considerable deference on

---

* Honorable Timothy J. Corrigan, United States District Judge for the Middle District of Florida, sitting by designation.

appellate review.  The Occupational Safety and Health Act itself provides "[t]he findings of the Commission with respect to questions of fact, if supported by substantial evidence on the record considered as a whole, shall be conclusive."  29 U.S.C. § 660(a).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Fluor Daniel v. Occupational Safety and Health Review Comm'n, 295 F.3d 1232, 1236 (11th Cir. 2002) (citations omitted).  "We are mindful that we do not review the record to draw our own conclusions that we then measure against an administrative agency; rather, we must consider *all* of the evidence when drawing our conclusions about the reasonableness of an agency's findings of fact."  Schering-Plough Corp. v. F.T.C., 402 F.3d 1056, 1063 (11th Cir. 2005) (emphasis added).  "Moreover, the legal determinations of an agency like the OSHRC are to be overturned only if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  Fluor Daniel, 295 F.3d at 1236; 5 U.S.C. § 706(2)(a).

After considering the briefs and hearing record and conducting oral argument, we find this to be a close case.  However, given the deference which must be accorded the Commission's decision, we will not disturb it.

**AFFIRMED**